December, 1823.

## Wynn and Wife *against* Williams.

1, Not a good ob-
jection to a de-
position that it is
in the hand-writ-
ing of the attor-
ney for the party
offering it in evi-
dence.
2, Release of in-
terest of a wit-
ness does not le-
galise his testi-
mony given be-
fore the release.
3, In action vs.
husband and wife,
service of Writ on
husband suffi-
cient.

JUGDE *Lipscomb* delivered the opinion of the Court.

The assignments of Error bring in question the testimo- ny admitted on the execution of the writ of Enquiry as stat- ed by the bill of Exceptions taken by the plaintiffs in Error. The first exception is, that the Court permitted certain de- positions to be read in evidence for the plaintiff, although they were in the hand-writing of an attorney, and not writ- ten by the person to whom the commission was directed. In support of this objection a case is cited from the 2d vo- lume of Haywood's North Carolina Reports. It is hardly necessary to observe, that the high character of the 1st vo- lume of that work is not sustained in the second. It seems probable that the decision, as reported, must have been made under some rule of Court or Statute of *North Carolina*.

Second exception.—It appears that *Stephen Cocke*, attor-

ney for the plaintiff, gave evidence in her behalf. On its appearing that his fee was contingent, depending on the event of the suit, and that he was the plaintiff's security for the costs ; she not residing in the State, he released his fee, and the Court decided that the release legalized his testimony.

That a person having a direct and immediate interest in the event of the suit is not a competent witness, is a rule of evidence so well settled and supported, that it does not now require the aid of argument. If the witness's fee depended on the event of the suit, his interest was direct and palpable. If this incapacity operated at the time that the oath was administered and testimony given, the release afterwards made could not purge it of the taint and bias which the interest is supposed to have infused. To remove this objection, the witness, after the release given, ought again to have been sworn. But leaving this objection out of the question, he could not release or divest himself of his interest and liability as plaintiff's security for the costs. This could have been effected only by substituting other security by order of the Court.

Another Error assigned is, that the writ was not served on the wife, and yet she was included in the declaration and judgment. As to this, it is sufficient briefly to say, that the legal existence of the wife is so merged in that of her husband, that the service on him is sufficient.

On the second ground stated, the judgment must be reversed, and the cause remanded.

Judge *Ellis* not sitting.